IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS VAN ZANDT, | No. C-15-0430 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| SELECT PORTFOLIO SERVICING, INC., et al., | |
| Defendants. | |

Before the Court is plaintiff Thomas Van Zandt's "Ex Parte Application for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction," filed February 9, 2015. Defendant Select Portfolio Servicing, Inc. ("SPS"), the entity plaintiff seeks to enjoin, has not yet appeared in the above-titled action. Having read and considered the application, the Court rules as follows.

In his complaint, plaintiff, who proceeds on his own behalf and in his capacity as the personal representative of the Estate of Jeanne E. Malis, alleges he resides at 22 Ethel Avenue, Mill Valley, California, and that a mortgage on said real property is presently being serviced by SPS. (See Compl. ¶¶ 13-14.) Plaintiff alleges that, beginning in November 2009 and to the present, he has sought a loan modification, first from the prior servicer and then from SPS, who began servicing the loan in May 2012, and that, to date, he has not

been advised whether a loan modification will be provided.  (See Compl. ¶¶ 59-118.) Plaintiff alleges that his last such unsuccessful request resulted in SPS promising, on December 23, 2014, to send him an "assumption package" within ten business days, but that SPS never sent him the materials.  (See Compl. ¶¶ 115-117.)  Plaintiff further alleges that SPS has scheduled a "trustee sale to occur on February 11, 2015."  (See Compl. ¶ 119.)  Based on the above allegations, plaintiff asserts, inter alia, SPS has violated § 2923.7 of the California Civil Code.

Under § 2923.7, a loan servicer, "[u]pon request from a borrower who requests a foreclosure alternative," must "promptly establish a single point of contact," see Cal. Civ. Code § 2923.7(a), which person is "responsible," inter alia, for "[c]ommunicating the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions," as well as for "[c]oordinating receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents," and "[e]nsuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any," see Cal. Civ. Code § 2923.7(b).

By the instant application, plaintiff seeks an order restraining SPS from proceeding with the scheduled trustee sale.  In support thereof, plaintiff relies on his declaration, in which he sets forth facts that assertedly show he is likely to succeed on the merits of his claim that SPS, by failing to respond to his requests for a loan modification, has engaged in a material violation of § 2923.7, thus entitling him to injunctive relief.  See Cal. Civ. Code § 2924.12(a)(1) (holding, where "trustee's deed upon trust has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section . . . 2923.7").[1]

A preliminary injunction is "an extraordinary remedy that may only be awarded upon

---

[1] Although the complaint includes causes of action in addition to the claim brought under § 2923.7(b), plaintiff does not rely on any such causes of action in support of the instant application.

2

a clear showing that the plaintiff is entitled to such relief." See Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). A party is entitled to a preliminary injunction only if such party demonstrates that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. See id. at 20.[2]

Here, as discussed below, plaintiff has failed to show a likelihood of success on the merits of his claims, and, consequently, has failed to show his entitlement to a restraining order. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987) (holding "injunction should not issue" where moving party "shows no chance of success on the merits").

The protections provided under § 2923.7 are available only to a "borrower," see Cal. Civ. Code § 2923.7(a), which term is defined as "any natural person who is a mortgagor or trustor and who is potentially eligible for any federal, state, or proprietary foreclosure prevention alternative program offered by, or through, his or her mortgage service," see Cal. Civ. § 2920.5(c)(1). Although plaintiff is a "natural person," plaintiff has offered no evidence, nor even alleged, that he is the "mortgagor or trustor"; rather, plaintiff alleges the mortgagor was his now-deceased mother-in-law. (See Compl. ¶ 13, 50.) As a result, the mortgagor is, and since the time of § 2923's enactment has been, an estate, i.e., not a "natural person." (See Van Zandt Decl. Ex. 1 (letter from SPS to plaintiff listing name of "customer" as "Estate of Jeanne E. Malis" and stating SPS would "review [plaintiff] for a possible assumption of the loan").)[3] In sum, there being no showing that plaintiff is a

---

[2] A motion for a temporary restraining order and a motion for a preliminary injunction are subject to the same requirements. See New Motor Vehicle Board v. Orrin W. Fox Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

[3] On February 9, 2015, the same date plaintiff filed the instant application, a bill to amend the statutory definition of "borrower" was introduced in the California Legislature, which bill, if ultimately enacted, would expand the definition of "borrower" to include the "successor in interest to the mortgagor or trustor following the death of the mortgagor or trustor," and defines "successor in interest" as a "natural person who provides the mortgage servicer with notification of the death of the mortgagor or trustor and reasonable documentation showing that the person is . . . [t]he personal representative . . . of the mortgagor's or trustor's estate." See Assemb. B. 244, 2015-2016 Reg. Sess. (Cal. 2015).

3

"borrower" for purposes of § 2923.7, plaintiff has not shown a likelihood of success on a claim brought thereunder.

Accordingly, the application is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  February 10, 2015

MAXINE M. CHESNEY
United States District Judge

4